UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MISAEL CEPEDA-DEL TORRO,

        Petitioner,                      Case No. 1:21-cv-443

v.                                           Hon. Hala Y. Jarbou

DONALD EMERSON,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the review required by § 2243, the Court concludes that the petition must be dismissed, because Petitioner fails to demonstrate entitlement to relief under § 2241, and the Court is without subject matter jurisdiction to decide his claims because (1) his claims do not fall within the savings clause of 28 U.S.C. § 2255(e), and (2) Petitioner is no longer in custody under the conviction and sentence he challenges by way of his petition.

### Discussion

**I.**    **Background**

The sentence Petitioner challenges by way of his petition was entered in the United States District Court for the Southern District of Texas in *United States v. Cepeda-Del Torro*, No. 2:08-cr-449 (S.D. Tex.). Petitioner does not challenge the initial sentence as entered by the Texas

court, but rather the term of imprisonment he was ordered to serve upon revocation of his supervised release.

In the Texas case, on August 26, 2008, Petitioner entered a plea of guilty to a charge of possession with intent to distribute 228.75 kilograms of marijuana. Petitioner was sentenced to a 5-year term of imprisonment, to be followed by a 4-year term of supervised release. Petitioner's supervised release was subject to the following special condition:

> If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting.

*United States v. Cepeda-Del Torro*, No. 2:08-cr-449 (S.D. Tex. Nov. 7, 2008) (the Texas drug prosecution). A petition for warrant from the Texas court indicates that Petitioner was deported from the United States on December 5, 2012. At some point, Petitioner returned to the United States, without permission, because he was found in Tampa, Florida on December 2, 2015.

Petitioner was not simply found in the Tampa area on December 2, he was arrested when Drug Enforcement Agency officers raided a "drug house" that Petitioner operated. Officers found methamphetamine and cocaine and weapons in the home. *United States v. Cepada*, No. 8:16-cr-146 (M.D. Fla) (the Florida drug prosecution) (Compl., Doc. 1). Petitioner entered a plea of guilty to a charge of conspiracy with intent to distribute 500 grams or more of methamphetamine. He was sentenced to144 months' imprisonment to be followed by a 5-year term of supervised release.

Petitioner was charged in a separate proceeding with illegal reentry into the United States following deportation for a felony offense. *United States v. Cepeda*, No. 8:16-cv-26 (M.D.

Fla.) (the Florida immigration prosecution).  Petitioner entered a guilty plea on March 3, 2016.  His plea agreement included the following term:

> If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement, specifically immigration-related offenses.  This plea agreement does not affect pending or future charges related to the Middle District of Florida case against the defendant currently assigned number 8:15-01784-AEP.[1]

*United States v. Cepeda*, No. 8:16-cr-26 (M.D. Fla, Mar. 2, 2016) (Plea Ag., Doc. 16, PageID.40–41.)  The court accepted Petitioner's plea and sentenced him to 70 months' imprisonment to be followed by a 3-year term of supervised release.  The sentence was to be served concurrently with Petitioner's sentence from the Florida drug prosecution.

Petitioner's plea agreement in the Florida immigration prosecution was entered on March 2, 2016.  The court accepted the plea on March 23, 2016.  Based presumably on Petitioner's plea in the Florida immigration prosecution, on March 31, 2016, in the Texas drug prosecution, a United States Probation Officer in Texas filed a petition for warrant for Petitioner's violation of his terms of supervised release.  The Texas court executed the warrant on April 1, 2016.[2]

The Texas court transferred jurisdiction for Petitioner's supervised release to the Florida court on April 15, 2016.  The Florida court accepted the transfer on May 11, 2016.  On May 25, 2016, the Florida court conducted a hearing on the revocation of Petitioner's supervised release, Petitioner admitted his guilt of illegal re-entry and failure to report, and the court revoked

---

[1] The complaint in Case No. 8:15-mj-01784-AEP is the complaint that formed the basis for the Florida drug prosecution.

[2] Petitioner's plea agreement in the Florida drug prosecution was, coincidentally, also entered on April 1, 2016.

3

Petitioner's supervised release. The court sentenced Petitioner to serve a 15-month term of imprisonment.

When Petitioner was sentenced in the Florida drug case on October 6, 2016, and the Florida immigration case on November 8, 2016, his sentences in those cases were to run consecutively to the sentence he was serving following the revocation of his supervised release.

Petitioner did not appeal any of his convictions or sentences, nor did he challenge them by way of a motion under 28 U.S.C. § 2255. Instead, he waited until his sentences following the revocation of his supervised release and his sentence for the immigration prosecution had been fully served—years after the judgments were entered—to challenge the judgment revoking his supervised release from the Texas drug prosecution. Petitioner challenges the revocation of his supervised release on the following ground:

> I. Petitioner's subsequent conviction must be reversed because the government knowingly failed to keep its promise that, in exchange for a guilty plea, it would not charge defendant with committing any other known offenses to the United States.

(Pet., ECF No. 1, PageID.6.)

## II. Analysis

Ordinarily, a federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255 but may challenge the manner or execution of his sentence under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). However, a prisoner may also challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

4

28 U.S.C. § 2255(e) (emphasis added); *Peterman*, 249 F.3d at 461. Thus, through the § 2255 "savings clause" vehicle, a petitioner may seek habeas relief under § 2241 where he can show that § 2255 provides an "inadequate or ineffective" means for challenging the legality of his detention.

The Sixth Circuit has held that "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). As the court explained in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758 (citations omitted). Section 2255 "is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion.'" *Hill*, 836 F.3d at 594. Instead, the savings clause applies only where the petitioner also demonstrates "actual innocence," *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757, or "'a subsequent, retroactive change in statutory interpretation by the Supreme Court,'" *Hueso v. Barnhart*, 948 F.3d 324, 332 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 599–600).

The standard for demonstrating actual innocence, either directly or due to the Supreme Court's interpretation of a statute, is exceedingly high and "ensures that [a] petitioner's case is truly 'extraordinary . . . .'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "'To establish actual innocence'" for the purposes of § 2255(e), a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Yet, as both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

5

Petitioner's challenge does not rest on a claim of actual innocence. He twice admitted he was guilty of reentering the United States without permission and once admitted he was guilty of failing to report. Moreover, Petitioner does not identify any subsequent, retroactive change in statutory interpretation by the Supreme Court that might warrant revisiting his sentence under § 2241. Thus, the "savings clause" cannot save Petitioner.

In Petitioner's case, however, there is a more fundamental defect in his petition. Section 2241 authorizes the Court to issue a writ of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner by 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Petitioner is no longer in custody because of the revocation of his supervised release in the Texas drug prosecution. He has served the entirety of that sentence. Accordingly, the Court does not have jurisdiction to entertain his petition even if he falls within the "savings clause."

Petitioner is not entitled to bring a § 2241 challenge to his supervised release revocation because he is no longer in custody on that sentence. Moreover, the petition does not fit within the savings clause of § 2255(e). Therefore, the Court does not have subject matter jurisdiction of the petition. *Taylor v. Owens*, 990 F.3d 493, 496–99 (6th Cir. 2021).

**Conclusion**

The Court will enter a judgment dismissing the petition without prejudice.[3]

Dated: June 3, 2021 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE

---

[3] In § 2241 cases, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).